The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, AR 72936
Dear Representative Wilkinson:
This is in response to your request for an opinion on behalf of a Franklin County resident who pays property taxes in Sebastian County for the support of Westark Community College ("Westark"), who must also pay extra non-resident tuition for his children to attend Westark. He questions the legality of this practice, and specifically cites to the maxim of "taxation without representation."
My review indicates that this practice is consistent with current state law, and would in all likelihood withstand a "taxation without representation" challenge.
Amendment 52 to the Arkansas Constitution, which authorizes the General Assembly to provide for the establishment of community college districts, states as follows regarding the support of community colleges:
 The General Assembly shall prescribe the method of financing such community college and technical institutes, and may authorize the levy of a tax upon the taxable property in such districts. . . . [Emphasis added.]
Thus, there is clear constitutional authority for levying a tax upon all non-exempt property in the community college district, and the General Assembly has specifically authorized millage levies under A.C.A. §6-61-602 (Repl. 1996). I assume that the tax to support Westark Community College was properly levied in accordance with this statutory authority. The Franklin County resident who owns land in Sebastian County must therefore pay this tax. And it seems clear that the maxim of "no taxation without representation" will not prevent the levy because the taxpayer will generally be deemed adequately represented in the General Assembly which, in accordance with Ark. Const. amend. 52, supra, authorized the tax. See 84 C.J.S. Taxation § 5 (1954). As stated by the Supreme Court of Nebraska:
 [The maxim of taxation without representation] does not mean, as many seem to think, that no person can be taxed unless, in the body that determines the amount of the tax to be levied, he is represented by someone for whom he has a right to vote. It has never had such a legal meaning. So construed, a large portion of the people of the state would be exempted from the payment of taxes, including infants, nonresidents, and disqualified voters.
Ratigan v. Davis, 175 Neb. 416, 419, 122 N.W.2d 12 (1963).
Quoting from a Connecticut case, the Nebraska court went on to hold that the plaintiffs had the representation required by the maxim of "no taxation without representation" because they were represented in the Legislature that enacted the law authorizing the tax levy. Id.
Similarly, in this instance, the required representation derives from the Franklin County resident's representation in the Arkansas General Assembly. Representation in the community college district is not required.
With regard to the extra tuition charged to non-residents, A.C.A. § 6-61-523(c) (Repl. 1996) states:
 OUT-OF-DISTRICT TUITION. Students who come from within the state but without the district may be charged a fee in addition to the fee charged students who are residents of the district as determined by the local board not to exceed the pro rata share of the per student cost annually paid for buildings and operations from local tax revenues. However, when one (1) or more residents of a county not in a community college district attend a community college, the county of residence of these students may, when funds are appropriated therefor by the quorum court of the county, pay the tuition of these students in excess of the tuition charged in-district students.
The additional tuition is thus statutorily authorized. No exception or exemption is provided in the case of a non-resident property owner who pays the community college district property tax; and I cannot conclude, in light of the presumption of constitutionality, that this is unlawful. In general, residence requirements are constitutional in the public school context. See Horton v. Marshall Public Schools, 769 F.2d 1328 (8th Cir. 1985).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh